1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10   GEZO G. EDWARDS, | Case No. 1:25-cv-00701-SAB-HC |
| 11              Petitioner, | ORDER DENYING PETITIONER'S MOTIONS TO AMEND |
| 12        v. | (ECF Nos. 14, 18) |
| 13   UNITED STATES OF AMERICA, et al., | |
| 14              Respondents. | |

15

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 2 and 3, 2025, the Court received the instant motions to amend under Rule 15(a)(2) and motions to supplement. (ECF Nos. 14, 18.) Petitioner moves to add disciplinary hearing officer O. Gonzales as a defendant and to supplement his petition to include a claim under 42 U.S.C. § 1983.

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by

1  previous amendments, undue prejudice to the opposing party and futility of the proposed

2  amendment.'" Kroessler v. CVS Health Corp., 977 F.3d 803, 814–15 (9th Cir. 2020) (quoting

3  Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989)). "Futility of

4  amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon,

5  59 F.3d 815, 845 (9th Cir. 1995).

6      Here, Petitioner moves to supplement his petition to include a claim under 42 U.S.C.

7  § 1983 for the hearing officer's violation of due process by failing to let Petitioner present

8  witness and use documentary evidence. Petitioner is a federal prisoner and requests expungement

9  of federal prison disciplinary findings. (ECF Nos. 1, 8.) "Because § 1983 provides no cause of

10  action against federal agents acting under color of federal law," Billings v. United States, 57 F.3d

11  797, 801 (9th Cir. 1995), amendment to include a claim under 42 U.S.C. § 1983 for a federal

12  disciplinary hearing officer's violation of due process would be futile. Accordingly, Petitioner's

13  motions to supplement his petition to include a claim under 42 U.S.C. § 1983 for the hearing

14  officer's violation of due process should be denied.

15      Petitioner also moves to amend his petition to add disciplinary hearing officer O.

16  Gonzales as a defendant. However, "longstanding practice confirms that in habeas challenges to

17  present physical confinement—'core challenges'—the default rule is that the proper respondent

18  is the warden of the facility where the prisoner is being held . . . ." Rumsfeld v. Padilla, 542 U.S.

19  426, 435 (2004).

20
21      The federal habeas statute straightforwardly provides that the proper respondent
       to a habeas petition is "the person who has custody over [the petitioner]." 28
22      U.S.C. § 2242; see also § 2243 ("The writ, or order to show cause shall be
       directed to the person having custody of the person detained"). The consistent use
       of the definite article in reference to the custodian indicates that there is generally
23      only one proper respondent to a given prisoner's habeas petition.

24  Padilla, 542 U.S. at 434. Accord Doe, 109 F.4th at 1195 ("The plain text of the federal habeas

25  implementation provision delineates that petitions must include the name of 'the' person

26  maintaining custody over the petitioner, id., implying that there is typically only one proper

27  respondent to a habeas petition."); id. ("Congress chose to use a definite article, 'the,' to make

28  clear that only one person can be said to maintain custody over the detained petitioner, and that

2

1   person is the proper respondent to a core habeas challenge."). Based on the foregoing, the

2   Warden of the United States Penitentiary Atwater is the proper Respondent in this matter, and

3   Petitioner's motion to add disciplinary hearing officer O. Gonzales as a defendant should be

4   denied.

5          "Pursuant to section 636, magistrate judges may hear and determine nondispositive

6   matters, but not dispositive matters[.]" Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir.

7   2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "To determine whether a

8   motion is dispositive, we have adopted a functional approach that looks to the effect of the

9   motion, in order to determine whether it is properly characterized as dispositive or non-

10  dispositive of a claim or defense of a party." Mitchell, 791 F.3d at 1168–69 (internal quotation

11  marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "Under our

12  caselaw, to determine whether a magistrate judge's ruling denying a motion is dispositive, we

13  examine whether the denial of the motion effectively disposes of a claim or defense or precludes

14  the ultimate relief sought." Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015).

15         Here, denial of Petitioner's motions to amend does not dispose of any claims or defenses

16  and does not preclude the ultimate relief sought. See Hebrard v. Nofziger, 90 F.4th 1000, 1011–

17  12 (9th Cir. 2024) (prisoner challenging validity of procedures employed during disciplinary

18  hearing is required to proceed in habeas first before he can request damages under § 1983).

19  Accordingly, the Court has authority to deny amendment.

20         Based on the foregoing, IT IS HEREBY ORDERED that Petitioner's motions to amend

21  (ECF Nos. 14, 18) are DENIED.

22

23  IT IS SO ORDERED.

24  Dated:   **October 3, 2025**                              _____

25                                                            STANLEY A. BOONE
                                                              United States Magistrate Judge

26

27

28

                                                   3