UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZO G. EDWARDS,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>  Respondents. | Case No. 1:25-cv-00701-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 27) |

Petitioner is a federal prisoner proceeding pro se with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 2 and 3, 2025, the Court received Petitioner's motions to amend under Rule 15(a)(2) and motions to supplement. (ECF Nos. 14, 18.) The Court construed the motions as moving to add disciplinary hearing officer O. Gonzales as a defendant and to supplement the petition to include a claim under 42 U.S.C. § 1983. (ECF No. 22 at 1.) On October 3, 2025, the Court denied Petitioner's motions. (ECF No. 22.)

On October 20, 2025, the Court received Petitioner's motion for reconsideration of its order denying the motions to amend. (ECF No. 27.) Therein, Petitioner "requests that the Court reconsider its order because EDWARDS is a pro se litigant and his request may not have been correctly understood." (Id.) Petitioner "requests that his habeas corpus which states claims cognizable under § 1983 be recharacterized as a civil rights action because his action is

amendable to such recharacterization" and requests "the Court grant this motion in the event his habeas corpus action fails." (ECF No. 27.)

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enters., 229 F.3d at 890 (quoting 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

Here, Petitioner's motion for reconsideration is based upon Petitioner's belief that he states cognizable claims for relief under § 1983. However, there has been no determination by this Court that Petitioner's habeas petition states cognizable § 1983 claims. In fact, this Court previously denied Petitioner's motion to amend "'[b]ecause § 1983 provides no cause of action against federal agents acting under color of federal law,' Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995), [and] amendment to include a claim under 42 U.S.C. § 1983 for a federal disciplinary hearing officer's violation of due process would be futile." (ECF No. 22 at 2.) Petitioner has not shown that reconsideration is warranted due to newly discovered evidence, clear error, intervening change in controlling law, or highly unusual circumstances.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated:   **November 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge