# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEZO G. EDWARDS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | Case No. 1:25-cv-00701-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DENY PETITIONER'S MOTIONS TO EXPUNGE INCIDENT REPORT, DENY PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF Nos. 8, 31, 35, 36)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California ("USP Atwater"), serving a life sentence imposed by the United States District Court for the District of Columbia after having been convicted of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. (ECF No. 35-1 at 2–3.[1])

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On June 9, 2025, Petitioner filed a petition for writ of habeas corpus seeking expungement of Incident Report 4020485. (ECF No. 1.) Petitioner was found to have violated Disciplinary Code 297, Phone Abuse – Disrupt Monitoring, and sanctioned to a loss of 27 days of good conduct time ("GCT"), 180 days of commissary privileges, 180 days of phone privileges, and 180 days of visiting privileges in addition to a $80 monetary fine. (ECF No. 35 at 1.) On June 16 and November 17, 2025, Petitioner filed motions to expunge Incident Report 3995574. (ECF Nos. 8, 31.) On December 22, 2025, Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies and for lack of jurisdiction. (ECF No. 35.) To date, no opposition to the motion to dismiss has been filed, and the time for doing so has passed. On January 5, 2026, Petitioner filed a motion for summary judgment, and on January 26, 2026, Respondent filed an opposition. (ECF Nos. 36, 37.)

**II.**

**DISCUSSION**

**A.  Motion for Summary Judgment**

Petitioner moves for summary judgment because Respondent's response to the petition was due on December 17, 2025, and as of December 28, 2025, Petitioner had not received any response. (ECF No. 36.)

On October 15, 2025, the Court granted Respondent's motion to stay briefing in this matter due to a lapse in appropriations. (ECF No. 24.) On November 17, 2025, the Court lifted the stay and ordered Respondent to file a response to the petition within thirty days. (ECF No. 30.) On December 17, 2025, Respondent filed a motion for extension of time to file the response, which the Court granted. (ECF Nos. 33, 34.) On December 22, 2025, Respondent filed a timely motion to dismiss. (ECF No. 35.)

As Respondent filed a timely response to the petition, the Court recommends denying Petitioner's motion for summary judgment.

**B.  Motion to Dismiss**

As noted by Respondent, (ECF No. 35 at 7), the Ninth Circuit previously affirmed this Court's dismissal of Petitioner's prior habeas petition challenging disciplinary proceedings that

resulted in the temporary loss of commissary privileges, stating:

> Habeas corpus jurisdiction exists if a prisoner claims he has been subjected, without due process, to greater restrictions of liberty, denial of good time credits, or a disciplinary record would affect his eligibility for parole. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc). Edwards, who was sentenced to prison for life in 2014, is ineligible for parole or good time credits. *See* 18 U.S.C. § 3624(b)(1). A temporary loss of commissary privileges is not a greater restriction on Edwards's liberty, and his remaining allegations are insufficient to invoke habeas jurisdiction.

Edwards v. Silver, No. 24-7779, 2025 WL 1219022, at *1 (9th Cir. Apr. 28, 2025).

Subsequently, Petitioner filed another habeas petition challenging a different disciplinary proceeding, arguing that his claim was properly brought under § 2241 because he is seeking compassionate release, which is distinguishable from parole, and his disciplinary record may impact his release date. Edwards v. Trate, No. 2:24-cv-0887-DMC-P, 2025 WL 2228842, at *1 (E.D. Cal. Aug. 5, 2025). The magistrate judge found Petitioner's claim was not cognizable and recommended dismissing the petition, stating:

> Respondent argues that this court lacks subject matter jurisdiction because expunging the incident from Petitioner's discipline record "would not shorten petitioner's confinement." ECF No. 13, pg. 5. Petitioner contends that he is eligible for habeas relief because of the impact his disciplinary record may have on his motion for compassionate release. See ECF No. 21, pg. 2. This Court finds that Petitioner's claim is not cognizable because it does not fall within the core of habeas corpus and therefore, Respondent's motion to dismiss should be granted.
>
> When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). If a petitioner's claim does not lie at " 'the core of habeas corpus,' " as established in Preiser, "it may not be brought in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)); C.f. Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011).
>
> Respondent analogizes Petitioner's claim to the Ninth Circuit case Nettles, where a prisoner sought § 2254 habeas relief in the form of expungement of a disciplinary record. See ECF No, 13, pg. 6. This Court finds the analysis in Nettles instructive. Nettles argued that his disciplinary record "delayed his parole hearing and constituted grounds for future denial of parole," and his claim falls within habeas because expungement of that record would "accelerate his eligibility for parole." Nettles, 830 F.3d at 927. There, the Court determined that because parole determination was "in the discretion of the parole board ... [and] success on Nettles's claims would not even necessarily lead to an earlier parole hearing ... Nettles's claims would not necessarily lead to his immediate or earlier release from confinement." Id. at 935. Based on that analysis, the Court held that

Nettles's claim "does not fall within 'the core of habeas corpus,' " and Nettles was therefore ineligible for habeas relief. See id.

Here, Petitioner asserts that he is seeking compassionate release under 18 U.S. Code § 3582, which requires consideration of "the history and characteristics of the defendant." 18 U.S.C. § 3553 (a)(1). Petitioner contends that consideration is "inseparably tied to a prisoner's disciplinary record" and, in support of that contention, Petitioner provides a string of citations to cases where courts consider disciplinary records when determining eligibility for compassionate release. ECF No. 21, pg. 3.

The Court disagrees with Petitioner and finds compassionate release to be analogous to parole eligibility, as addressed by the Ninth Circuit in Nettles. As the Ninth Circuit found with parole, compassionate release is discretionary, expungement of a disciplinary record "would not even necessarily result" in compassionate release, and therefore, Petitioner's "claims would not necessarily lead to his immediate or earlier release from confinement." Nettles, 830 F.3d at 935. While Petitioner is correct that a disciplinary record *may* be considered when determining whether compassionate release is appropriate, the existence of Petitioner's disciplinary record would not dispositively impact Petitioner's compassionate release motion and, in turn, his release date. Petitioner may still be eligible for compassionate release with his disciplinary record, as nothing in the statute requires that prisoners have a clear record to be eligible. Further, even if Petitioner's record were expunged, a clear disciplinary record is not decisive for compassionate release. As such, Petitioner's claim "does not fall within 'the core of habeas corpus,' " and is therefore not cognizable. Nettles, 830 F.3d at 935. Thus, the undersigned will recommend that Respondent's motion to dismiss be granted.

Edwards, 2025 WL 2228842, at *2–3. The district judge adopted the findings and recommendations in full. Edwards v. Trate, No. 2:24-cv-0887-DJC-DMC-P, 2025 WL 2644136, at *1 (E.D. Cal. Sept. 15, 2025).

The Court adopts the reasoning of Edwards v. Silver, 2025 WL 1219022, and Edwards v. Trate, 2025 WL 2228842, to find that Petitioner's claims seeking expungement of Incident Reports 4020485 and 3995574 are not cognizable in federal habeas corpus.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 35) be GRANTED;

2. The petition for writ of habeas corpus be DISMISSED;

3. Petitioner's motions to expunge (ECF Nos. 8, 31) be DENIED;

4. Petitioner's motion for summary judgment (ECF No. 36) be DENIED.

4

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 24, 2026**   _____

STANLEY A. BOONE
United States Magistrate Judge