**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEZO G. EDWARDS,<br><br>              Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>              Respondents. | No. 1:25-cv-00701-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS TO EXPUNGE INCIDENT REPORT, DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 8, 31, 35, 36, 39) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 24, 2026, the magistrate judge issued findings and recommendations recommending that Respondent's motion to dismiss be granted, the petition for writ of habeas corpus be dismissed, and Petitioner's motions to expunge and motion for summary judgment be denied. (Doc. 39.) The Court served the findings and recommendations on the parties and notified them that any objections were due in thirty days. (*Id.*) On March 12 and 30, 2026, Petitioner filed objections. (Docs. 41, 42.)

///

1

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Of particular note, Petitioner's attempts to distinguish the related cases on which the magistrate judge has relied, *Edwards v. Silver*, No. 24-7779, 2025 WL 1219022, at *1 (9th Cir. Apr. 28, 2025), and *Edwards v. Trate*, No. 2:24-cv-0887-DMC-P, 2025 WL 2228842, at *1 (E.D. Cal. Aug. 5, 2025), are unconvincing. Even if the disciplinary proceedings addressed in those cases are materially different from those Petitioner attempts to address here, those cases support the conclusion reached here, namely, that Petitioner cannot use habeas to challenge disciplinary determinations because he is concerned over how those determinations will bear on his separate compassionate release requests. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on February 24, 2026 (Doc. 39) are **ADOPTED IN FULL**.

2. Respondent's motion to dismiss (Doc. 35) is **GRANTED**.

3. The petition for writ of habeas corpus is **DISMISSED**.

4. Petitioner's motions to expunge (Docs. 8, 31) are **DENIED**.

5. Petitioner's motion for summary judgment (Doc. 36) is **DENIED**.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **March 31, 2026**

UNITED STATES DISTRICT JUDGE

2